IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                  Plaintiff,

    v.

C.O. KILER, C.O. WATERMOLEN, C.O. POTTS,
C.O. NEMEIS, NURSE LEMENS, MR. MARTIN,
MRS. LONGSINE, MR. DEGROOT,
CCE'S OFFICE, and OFFICE OF THE SECRETARY,

                  Defendants.

OPINION & ORDER

14-cv-496-jdp

---

       Pro se plaintiff Hakim Naseer, a prisoner currently incarcerated at the Green Bay Correctional Institution, has filed this proposed civil lawsuit under 42 U.S.C. § 1983 alleging that defendant prison officials are withholding medication to treat plaintiff's allergies and failing to treat his hemorrhoids. Plaintiff seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. Plaintiff has also filed a motion regarding the venue of this case.

       After considering plaintiff's submissions, I will dismiss his complaint because it is unclear whether plaintiff satisfies the imminent danger exception to § 1915(g) and whether his claims belong in the same lawsuit. I will give plaintiff a chance to file an amended complaint addressing these issues. In addition, I will give him a short time to submit an initial partial payment of the filing fee for this case and deny his venue motion.

1

ALLEGATIONS OF FACT

The following facts are drawn from plaintiff's complaint. Plaintiff Hakim Naseer is incarcerated at the Green Bay Correctional Institution. Plaintiff is vague about his medical condition but I understand him to be saying that he suffers from allergies of some kind.

Since April 2014, defendant Correctional Officer Kiler has "vowed never to give [plaintiff his] necessary [allergy] medication," and defendant Correctional Officer Watermolen "has intimidated [plaintiff] into not taking" the medication. Dkt. 1, at 3. Kiler and Watermolen falsify the medication records to show that plaintiff either takes or refuses the medication. Defendants Correctional Officer Potts and Correctional Officer Nemeis take similar action against plaintiff. As a result, plaintiff's eyes become itchy, he gets a bloody nose, and his skin peels.

Plaintiff also suffers from hemorrhoids. Defendant Nurse Lemens is denying plaintiff treatment.

Defendants Mr. Martin, Mrs. Longsine, and Mr. DeGroot "delay[], postpon[e], stonewall[] and/or misplac[e]" plaintiff's grievances about his medical treatment. *Id*. at 4. Plaintiff has complained about these problems to the secretary of the Department of Corrections and the "CCE supervisor" but they do not intervene.

ANALYSIS

1. **Sufficiency of the complaint**

Plaintiff seeks leave to proceed *in forma pauperis* in this case. However, as stated above, plaintiff has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

2

> occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *Naseer v. Neumaier*, No. 10-cv-399-bbc (W.D. Wis. Sept. 29, 2010); *Naseer v. Belz*, No. 10-cv-27-bbc; (W.D. Wis. Feb. 16, 2010); *Naseer v. Trumm*, No. 09-cv-699-bbc (W.D. Wis. Dec. 11, 2009). Therefore, he cannot proceed *in forma pauperis* in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). At this point, plaintiff's allegations are too vague to tell whether he meets the relatively low bar required to meet the "imminent danger" standard. *Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury."). In most cases, allergies and hemorrhoids are relatively minor conditions that would not seem to meet this standard. *See Almond v. Pollard*, No. 14-cv-5-bbc (Apr. 22, 2014) (complaint of small bleeding hemorrhoid insufficient to meet imminent danger standard or state a constitutional claim); *cf. Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). ("A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the

3

sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution."). However, because a plaintiff should generally be given a chance to amend his complaint when he may be able to assert a viable claim, I will give plaintiff a chance to submit an amended complaint explaining in more detail why he believes his conditions are so serious that he is in imminent danger of serious physical harm. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

Even if plaintiff did not face the § 1915 imminent danger hurdle, it seems likely that he could not bring all of his claims together in this lawsuit because they seem to be against different defendants regarding separate incidents, which would violate Federal Rule of Civil Procedure 20. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In his complaint, plaintiff seems to be bringing claims that belong in two different lawsuits: (1) denial of his allergy medication; and (2) denial of treatment for his hemorrhoids. As stated above, plaintiff must submit an amended complaint. When he does so, he should include either an explanation of how these two alleged constitutional violations are related to each other or pick one of the two lawsuits to pursue under this case number. Plaintiff is also free to choose to pursue his claims in two separate lawsuits, but he will then owe two separate filing fees for those actions.

Finally, plaintiff names the "CCE's office" and the "Office of the Secretary" as defendants, even though state agencies cannot be sued in a § 1983 action, *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (states or state agencies are not "persons"

within the meaning of 42 U.S.C. § 1983). When he submits his amended complaint, plaintiff should include as defendants the individual persons he believes violated his rights in these two offices. If plaintiff is unsure of the identity of any of the officers who violated his rights, he may refer to the individuals as John or Jane Doe 1, Doe 2, etc., and explain what role each individual played in violating his rights.

2.      **Initial partial payment**

Even if I concluded that plaintiff qualified to proceed *in forma pauperis* under the imminent danger exception to 28 U.S.C. § 1915(g) and that his claims could proceed in one lawsuit, he would still need to make an initial partial payment of the filing fee before the case could be screened.[1]

The initial partial payment is calculated by using the method established in § 1915 by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. From the trust fund account statement provided by plaintiff, I calculate his initial partial payment to be $0.07. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay his entire filing fee from his release account. The only amount plaintiff must pay at this time is the $0.07 initial partial payment. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send plaintiff's initial partial payment to this court. If

---

[1] In addition, plaintiff will eventually have to pay the remainder of the filing fee in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2).

plaintiff ultimately chooses to proceed with his two sets of claims in two separate cases, he will owe a $0.07 initial partial payment for that case as well.

3.     **Venue**

Plaintiff has filed a document titled "Motion to Change Venue and Jurisdiction," Dkt. 2, but he is not asking to move the case to another court. Rather, he appears to be trying to pre-emptively argue that venue is proper in this court. Whether this is true will depend in part on the judicial districts in which the defendants reside, 28 U.S.C. § 1391(b)(1), which remains up in the air given the problems with plaintiff's complaint detailed above. In any case, because improper venue may be waived, *Moore v. Olsen*, 368 F.3d 757, 759 (7th Cir. 2004), there is no reason to take up the issue now.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's complaint, Dkt. 1, is DISMISSED because it is unclear whether plaintiff satisfies the imminent danger exception to 28 § 1915(g) and whether his claims belong in the same lawsuit under Federal Rule of Civil Procedure 20. Plaintiff may have until January 28, 2015 to submit an amended complaint addressing these issues.

2. Plaintiff is assessed $0.07 as an initial partial payment of the filing fee for this case. Plaintiff must submit a check or money order made payable to the clerk of court in the amount of $0.07 or advise the court in writing why he is not able to submit the assessed amount on or before January 28, 2015.

3. Plaintiff's motion regarding venue, Dkt. 2, is DENIED.

Entered this 7th day of January, 2015.

>BY THE COURT:
>
>/s/
>
>JAMES D. PETERSON
>District Judge